IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHAMPION COOLER CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:09-CV-1498-D |
| VS. | § | |
| | § | |
| DIAL MANUFACTURING, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The instant motion to dismiss under Fed. R. Civ. P. 12(b)(6) presents the question whether plaintiff's requests for attorney's fees and enhanced damages in this trademark infringement action are subject to dismissal based on the pleadings and incorporated exhibits alone. Concluding that they are not, the court denies the motion and also denies a related motion to strike evidence.

I

Plaintiff Champion Cooler Corp. ("Champion") sells several lines of evaporative coolers and cooler replacement parts. It uses the marks MASTERCOOL, ULTRA-COOL, and COMFORTCOOL. MASTERCOOL and ULTRA-COOL are federally registered trademarks. COMFORTCOOL, although not registered, has been frequently used by Champion to refer to a line of its evaporative coolers. Champion sues defendant Dial Manufacturing ("Dial") for trademark infringement, under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and state common law; unfair competition, under 15 U.S.C. § 1125 and state common law; and unjust enrichment. Champion seeks enhanced damages and

attorney's fees under the Lanham Act, 15 U.S.C. § 1117.  It alleges that Dial uses the marks in advertising for Dial-manufactured replacement parts "in a manner that is intended to mislead and deceive customers into believing they are purchasing authorized/branded parts from [Champion]." Compl. ¶ 26.  Champion also avers that Dial features the MASTERCOOL trademark prominently on its packaging and advertises products on its website using the MASTERCOOL, ULTRA-COOL, and COMFORTCOOL trademarks.  It asserts that Dial has engaged in acts of infringement that are knowing, deliberate, and willful.  Champion requests recoveries for treble damages and attorney's fees.

Dial moves to dismiss these requests under Rule 12(b)(6) for failure to state a claim.  It contends that even if the facts on which Champion relies are true, they do not establish bad faith.  According to Dial, Champion is left with only the conclusory allegation that the infringement was in bad faith, which is insufficient to state a claim.

II

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While "the pleadings standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'"  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007)). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl.*, 550 U.S. at 555). "The court does not, however, 'rely upon conclusional allegations or legal conclusions that are disguised as factual allegations.'" *Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *14 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) (quoting *Jeanmarie v. United States*, 242 F.3d 600, 602-03 (5th Cir. 2001)).

In deciding a Rule 12(b)(6) motion, "[t]he 'court accepts all well-pleaded facts as true viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.; see also Bell Atl.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged——but it has not 'shown'——that the pleader is entitled to relief." *Ashcroft*, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted).

### III

To prevail on its request for attorney's fees, Champion must prove both that Dial infringed its trademark and that the infringement qualifies as an "exceptional case." *See* 15 U.S.C. § 1117(a). "An exceptional case is one where the violative acts can be characterized as malicious, fraudulent, deliberate, or willful. The necessary showing demands a high degree of culpability on the part of the infringer, for example bad faith or fraud." *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 491 (5th Cir. 2008) (internal quotation marks omitted) (citing *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 555 (5th Cir. 1998)). Champion must make this showing by clear and convincing evidence. *Id.*

Champion alleges the following in its complaint: that Dial "sought to mislead consumers into believing they were buying genuine [Champion] parts and/or accessories," Compl. ¶ 3; "advertises its products in a manner that is intended to mislead and deceive customers into believing they are purchasing authorized/authentic parts from a branded manufacturer, such as Champion," *id.* ¶ 26; "uses the MASTERCOOL trademark prominently on its packaging of its products," *id.* ¶ 27; "advertises its products

- 4 -

on its website using [Champion] trademarks leading consumers to believe they are buying authentic [Champion] products," *id.* ¶ 28; and "has adopted, used, marked, and promoted its goods in bad faith with an attempt to trade on plaintiff's reputation and goodwill," *id.* ¶ 35.  Champion supports its allegation by attaching to its complaint a picture of a Dial box, which plainly bears a Champion trademark on its face, and a printout of Dial's website, in which Dial advertises the sale of a product using a Champion trademark.[1]

Dial asserts that the only facts that Champion has pleaded in its complaint are that Dial used Champion marks on product packaging and on its website.  It contends this use is permissible nominative use and that, even if infringing, such use does not constitute bad faith.  Dial cites *Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477 (5th Cir. 2004), in which the Fifth Circuit held that an independent store that sold and repaired vacuum cleaners did not infringe the plaintiff's trademark by using the mark in an advertisement.  Dial asserts that *Scott Fetzer* establishes that a dealer's knowing use of a trademark in advertising repair services for the branded product does not establish bad faith.  Dial also reasons that the same principle

---

[1]The court may consider these exhibits for the purpose of this motion to dismiss.  See *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken.") (internal citations omitted).

applies to its offering of replacement parts for the branded coolers.

Dial's reliance on *Scott Fetzer* to support dismissal at the Rule 12(b)(6) stage is misplaced. *Scott Fetzer* concerned a defendant's motion for summary judgment, not, as here, a motion to dismiss. *See Scott Fetzer*, 381 F.3d at 481. The court reasoned that independent dealers and repair shops could use trademarks to advertise their sales and repairs of branded goods——a nominative use——so long as their use did not suggest an affiliation with or endorsement by the markholder. *Id.* at 484. The court considered the defendant's intent as one of the "digits of confusion" in determining whether the defendant's use of the mark created a likelihood of consumer confusion, not in determining whether the plaintiff could recover attorney's fees. *See id.* at 485-86. The court held that, although the defendant intended to use the mark, it would not presume from the defendant's intentional use alone that it had an intent to confuse, because the defendant was an independent dealer of the plaintiff's products and used the mark to advertise the sale of the branded product. *Id.* at 486. The court then rejected the plaintiff's direct evidence of intent. *Id.*

*Scott Fetzer*'s reasoning is not controlling here because the defendant in *Scott Fetzer* sold the branded products of the mark holder, while Dial sells its own products in competition with Champion. Champion may therefore be able to prove that Dial used

- 6 -

Champion's marks on product packaging and its website in a willful attempt to cause consumers to believe they were buying Champion products, so as to support an award of attorney's fees.

Dial also contends that the appended exhibits that show an example of its product packaging and website do not establish bad faith. In essentially arguing that the use of the mark in both exhibits is non-infringing, Dial asks the court to address the merits of the case based on the limited pleadings and incorporated exhibits. But without examining the surrounding facts, the court cannot say as a matter of law that the examples of alleged trademark infringement on which Champion relies in its complaint are not intentional or in bad-faith. The motion to dismiss does not present a proper procedural mechanism for the court to evaluate those facts. *See, e.g., Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."). Here, Champion has specifically alleged it is entitled to attorney's fees; it has also asserted that Dial intentionally misled consumers, including by using the mark on product packaging and on its website. These assertions, considered in the context of Champion's entire complaint, are sufficient to state a claim for attorney's fees on which relief can be granted.

IV

If infringement occurred, the court may award the plaintiff "(1)[the] defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). In its discretion, the court may also award up to three times the amount found as actual damages. *See* 15 U.S.C. § 1117(a) ("In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount."). Unless it finds extenuating circumstances, the court must award treble damages when it finds that the defendant intentionally used a counterfeit mark in connection with the sale of goods. *See* 15 U.S.C. § 1117(b)(1).

The court can only award enhanced damages under § 1117(a) to compensate an otherwise undercompensated victim. Enhanced damages cannot be awarded to penalize a defendant's conduct. *See Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir. 1991).[2] Evidence of the defendant's conduct may support an enhancement where the conduct results in an imprecise damage calculation. *See id.* ("[E]nhancement could . . . provide proper redress to an otherwise undercompensated plaintiff where imprecise damage calculations fail to do justice, particularly where the

_____

[2]Enhanced damages can also be awarded for deterrence, but the court need not address this purpose for awarding them.

imprecision results from defendant's conduct."). But evidence of willfulness alone, without proof that damages are not completely compensatory, does not entitle a plaintiff to enhanced damages. *See Avid Identification Sys., Inc. v. Phillips Elecs. N. Am. Corp.*, 2008 WL 819962, at *1 (E.D. Tex. Mar. 25, 2008) (denying enhanced damages where plaintiff asserted defendant's willful conduct but did not establish that damages were under-compensatory); *see also Ramada Franchise Sys., Inc. v. Boychuck*, 283 F.Supp.2d 777, 791 (N.D.N.Y. 2003) (holding that argument for enhanced damages based only on defendant's intent "smack[ed] of a punitive damages standard") (citing *Getty Petroleum Corp. v. Bartco Petroleum Corp.*, 858 F.2d 103, 105 (2d Cir. 1988)).

Champion seeks an award of treble damages, but it does not specify whether it does so under § 1117(a) or (b). Either way, its request is not subject to dismissal. As stated above, it has adequately alleged intentional infringement by Dial. And the availability of enhanced damages under § 1117(a) can only be determined after calculating actual damages and determining if this amount is under-compensatory. A plaintiff need not plead a specific amount of damages. *See Morgan Bldgs. & Spas, Inc. v. Advantage Mfg., Inc.*, 2006 WL 1140657, at *1 (N.D. Tex. May 1, 2006) (Fitzwater, J.) (holding that plaintiff's failure to plead specific damages was not active concealment so as to justify equitable tolling of deadline to file for removal).

Accordingly, Dial is not entitled to dismissal of Champion's request for enhanced damages.

V

In denying Dial's motion, the court has only considered the complaint and the two exhibits attached to the complaint.  It has not considered additional evidence adduced by Champion.  Dial's motion to strike is therefore denied as moot.

*     *     *

Dial's January 15, 2010 motion to dismiss is denied, and its March 5, 2010 motion to strike is denied as moot.

**SO ORDERED.**

April 22, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE